IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alphonso James Prince, ) | Civil Action No.: 4:12-cv-01324-RBH |
| ) | Criminal No.: 4:09-cr-00343-RBH-1 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court is Alphonso James Prince's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

**Procedural History and Factual Background**

On December 19, 2006, a federal grand jury returned a two-count indictment against Petitioner, charging him with conspiracy to possess with intent to distribute crack cocaine and cocaine, and with possession with intent to distribute crack cocaine and cocaine. Petitioner entered a plea of not guilty at his arraignment on April 12, 2012. On September 28, 2012, Petitioner withdrew his plea of not guilty and entered a guilty plea pursuant to a plea agreement. At a sentencing hearing held on January 13, 2011, the Court sentenced Petitioner to 120 months imprisonment. This judgment was docketed on January 14, 2011, and Petitioner did not file an appeal.

On May 18, 2012, Petitioner filed the instant Motion to Vacate [Doc. # 55]. In the Motion to Vacate, Petitioner alleges that he was improperly sentenced based on reasoning from the Supreme

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Court's holding in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), and the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [Mot. to Vacate, Doc. # 55.]

On July 9, 2012, the Government filed a Motion to Dismiss [Doc. # 67], alleging that Petitioner's Motion was both untimely and without merit. An order filed July 10, 2012, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. Despite an extension, Petitioner never responded to the Government's Motion to Dismiss.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").[2]

In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## **Discussion**

As this Court stated above, Petitioner's convictions and sentence were imposed by a judgment filed on January 14, 2011. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, he had fourteen days from that date within which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(I) (amended Dec. 1, 2009). However, Petitioner did not pursue a direct appeal. Because Petitioner did not seek appellate review, his judgment of conviction became final for the purpose of starting the one-year

---

[2] The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687–88 (4th Cir. 2000). Other than his reference to *Simmons*, which is discussed herein, Petitioner does not argue that equitable tolling should apply to this case. This Court further notes that such tolling would be inappropriate under the situation at bar. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (holding that "rarely will circumstances warrant equitable tolling").

3

limitations period on January 28, 2011. Petitioner then had one year in which to file his Motion to Vacate. *See* 28 U.S.C. § 2255(f)(1). However, Petitioner's Motion to Vacate was not filed until May 18, 2012, four months *after* the statute of limitations had run. As such, the Motion to Vacate is untimely on its face.

Because Petitioner does not argue that any impediment to his Motion to Vacate was removed within a year prior to its filing, or that facts supporting his claim were discovered within that time period, Petitioner's Motion to Vacate is untimely unless he can show the following: that on or after May 18, 2011, the right asserted by Petitioner was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f). Petitioner fails to make any such showing.

In his Motion to Vacate, Petitioner invokes *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). [Mot. to Vacate, Doc. # 55.] However, Petitioner is time-barred unless his Motion to Vacate is filed *within a year* of a Supreme Court decision recognizing a new right and making that new right retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). Even if this Court were to hold that *Carachuri-Rosendo* created a right made retroactive to habeas cases, *Carachuri-Rosendo* was decided on June 14, 2010. Thus, any Motion to Vacate invoking a retroactive right supposedly created by *Carachuri-Rosendo* must have been filed by June 2011.

Petitioner also argues that he is entitled to relief based upon the Fourth Circuit's holding in *Simmons*. [Mot. to Vacate, Doc. # 382; Doc. # 390.] As has been previously discussed, Petitioner is time-barred unless he filed his Motion to Vacate within one year of *the Supreme Court* newly recognizing the asserted right and making that retroactive to cases on collateral review. However, *Simmons* is not a U.S. Supreme Court decision. *See e.g.*, *Blakney v. United States*, No. 4:11–cv–70024–RBH, 2011 WL 1113468, at *2 (D.S.C. March 24, 2011) (stating "[m]ost notably,

the [ ] case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock on the § 2255 limitation period").

Even if this Court were to reach the merits of Prince's claim, the Fourth Circuit's ruling in *Simmons* is inapplicable to this case. South Carolina District Courts have recently held that "*Simmons* concerned the unique sentencing regime in North Carolina's state court system and a particular North Carolina marijuana offense" and consequently has no application to Prince's South Carolina conviction for possession of cocaine base. *Brown*, 2012 WL 1570121, at *3. *See also Edgeworth*, 2012 WL 1016210, at *3; *Woodard*, 2012 WL 762013, at*3. It is well settled that a South Carolina conviction for possession of cocaine base, which has a maximum sentence of three years,[3] is a serious drug offense for purposes of the 21 U.S.C. § 851 enhancement. *Burgess v. United States*, 553 U.S. 124, 126 (2008) (holding that a "felony drug offense" is "an offense punishable by more than one year," as defined in 21 U.S.C. § 802(44), regardless of whether the state conviction classified the particular offense as a misdemeanor or felony); *United States v. Bromell*, 284 Fed. App'x 74, 75 (4th Cir. 2008) ("The district court did not err in concluding that Bromell's prior South Carolina conviction for crack cocaine possession constituted a "felony drug offense" under 21 U.S.C. § 841(b).").

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*,

529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is time-barred, without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Government's Motion to Dismiss [Doc. # 67] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate is **DISMISSED** *with prejudice*.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
November 30, 2012